SAMUEL LEVINE, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE BOROUGH OF RUTHERFORD, RESPONDENT.

Decided June 6, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *William H. K. Davey.*

For the respondent, *Guy L. Fake.*

PER CURIAM.

The prosecutor is the owner of a tract of land situated on the northwest corner of Montross and West Newell avenues, in the borough of Rutherford.

On June 19th, 1926, he applied to the building inspector of the borough for a permit to erect a building forty-six by fifty feet on the premises in question, to house three stores facing Montross avenue, accompanying such application with plans and specifications for the proposed building, and which plans and specifications were filed with the building inspector.

The permit was refused on the ground that the lot in question was in a residence number 1 district, as shown in the zoning ordinance and map of the said borough.

From the refusal of the building inspector to grant a permit an appeal was taken to the board of adjustment of the borough. Several hearings were had by the board, and on July 11th, 1927, the board rendered its decision dismissing the appeal.

There is no dispute that the character of the building and the purpose for which it was to be used was forbidden by the zoning ordinance.

Under the amendment of 1926 (*Pamph. L.* 1926, *p.* 526) the board of adjustment is made a judicial body, invested with power to determine as a question of fact whether a proposed building, not complying with the provisions of the local zoning ordinance, would constitute a menace to the public health, public safety, public morals and general welfare.

The board found on the evidence taken in this case "that the zoning ordinance of the borough of Rutherford, restrict-

ing the premises in question against the erection of a store building thereon, tends to promote the public morals, health, safety and welfare of the community, and is a reasonable exercise of the police power; that the erection of such a store building on the site in question would be a public menace, amounting to a nuisance, and tends to injure the public health by interfering with the peace and quiet of the neighborhood; that the erection of such stores would result in the congregation of vehicles increasing congestion and noise, and render the streets in the immediate neighborhood dangerous to the residents and their children, thus injuring the public health and safety; furthermore, the fire hazard would be increased by the accumulation of rubbish and inflammable materials common to all stores; that the neighborhood in question has been built up and maintained as a residential section by the surrounding property owners thus promoting their own general welfare, and the erection of stores on the site under consideration would be a detriment to surrounding property for residential purposes and destructive of the general welfare."

There was proof that four hundred feet from the premises of the prosecutor, upon which the proposed building was to be erected, stood the Lincoln school, which is attended by children ranging from four to ten or thirteen years of age. There is also proof that there is a school on the next block * * * Montross avenue. There was testimony to the effect that the erection of the building with the stores would create a blighted area, in that it would depreciate the character of the locality for residential purposes.

There was also testimony relating to the effect that the erection of stores would have upon the peace and quiet of the neighborhood, sanitary conditions and fire hazard.

The legislature having invested the board of adjustment to determine as a question of fact whether a proposed building, not complying with the provisions of the local zoning ordinance, would consitute a menace to the public health, public safety, public morals and general welfare, and as there may be a reasonable difference of opinion as to what the conditions may be for or against the general welfare, if there is

any fact which tends to support the finding of the board, its finding will not be disturbed.

We think there is testimony in the case which tends to support the finding that the erection of the stores would be against the general welfare of the public.

The writ is dismissed, but without costs.